UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

- v. -

JOSE SANCHEZ VILLALOBOS,
    a/k/a "Kirino,"

                Defendant.

------------------------------------

08 CRIM 1316

INDICTMENT

08 Cr.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #. _____
DATE FILED: DEC 2 2 2008

### COUNT ONE

The Grand Jury charges:

1.  From in or about October 2005 through in or about November 2006, in the Southern District of New York and elsewhere, JOSE SANCHEZ VILLALOBOS, a/k/a "Kirino," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that JOSE SANCHEZ VILLALOBOS, a/k/a "Kirino," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code.



Overt Act

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a.    On or about November 17, 2006, in the Bronx, New York, JOSE SANCHEZ VILLALOBOS, a/k/a "Kirino," the defendant, met with co-conspirators not named as defendants herein in connection with a narcotics transaction.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION AS TO COUNT ONE**

4.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, JOSE SANCHEZ VILLALOBOS, a/k/a "Kirino," the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to a sum of money equal to approximately $5 million in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offense for which the defendants are liable.

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____          _____
FOREPERSON                                       LEV L. DASSIN
                                                          Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSE SANCHEZ VILLALOBOS,
a/k/a "Kirino,"

Defendant.

**SEALED INDICTMENT**

08 Cr. _____

(Title 21, United States Code,
Section 846.)

LEV L. DASSIN
Acting United States Attorney.

**A TRUE BILL**

_____
Foreperson.

*Indictment filed, case assigned to Judge Marrero, arrest warrant issued*

*F. Maas, USMJ*